Tendered          16-CI-00575___  12/08/2016          David L. Nicholso___  Jefferson Circuit Clerk

CASE NO. 16-CI-05799

JEFFERSON CIRCUIT COURT
DIVISION THREE (3)
JUDGE MITCH PERRY
*ELECTRONICALLY FILED*

ARNETHA JONES

PLAINTIFF

v.

LABORATORY CORPORATION OF
AMERICA

DEFENDANT

## AGREED ORDER

Plaintiff Arnetha Jones and Defendant Laboratory Corporation of America, by their respective counsel, hereby advise the Court that the parties have reached an agreement concerning the deadline for filing a responsive pleading to the claims made by Plaintiff against Defendant, and the Court having fully considered the same;

IT IS HEREBY ORDERED that Defendant shall have through January 2, 2017 to file a responsive pleading to the Complaint filed November 23, 2016.

Entered this the ____ day of _____, 2016.

FILED
JEFFERSON CIRCUIT COURT
DEC 1 2 2016
DAVID L. NICHOLSON, CLERK
BY _____ D.C.

_____
JUDGE, JEFFERSON CIRCUIT COURT

12-12-2016

Presiding Judge: HON. MITCH PERRY (630267)

TD : 000001 of 000002

Tendered        16-CI-0057...   12/08/2016        David L. Nicholso...  efferson Circuit Clerk

HAVE SEEN AND AGREED:


_/s/ Mike Kelly_ (w/ permission)              _/s/ Emily C. Lamb_
Mike Kelly                                    Emily C. Lamb
718 West Main Street                          BLACKBURN DOMENE & BURCHETT, PLLC
Two South                                     614 West Main Street, Suite 3000
Louisville, Kentucky 40202                    Louisville, KY 40202
Tel: 502.589.6380                             Tel: 502.584.1600
Fax: 502.583.2603                             Fax: 502.584.9971
mike@fischerandkelly.com

_Counsel for Plaintiff_                        _Counsel for Defendant_

Presiding Judge: HON. MITCH PERRY (630267)

TD : 000002 of 000002

16 C I 05799

CASE NO._____

JEFFERSON CIRCUIT COURT
DIVISION _____

ARNETHA JONES
2720 5th Street
Louisville, Kentucky 40208

PLAINTIFF

vs.                          **VERIFIED COMPLAINT**

LABORATORY CORPORATION OF AMERICA
231 Maple Avenue
Burlington, North Carolina 27215
    (SERVE:  Corporation Service Company
             421 West Main Street
             Frankfort, Kentucky 40601)



DEFENDANT

***JEFFERSON CIRCUIT COURT
DIVISION THREE (3)***

FILED IN CLERK'S OFFICE
DAVID L. NICHOLSON, CLERK
NOV 2 2 2016
BY_____
DEPUTY CLERK

JURY FEE PAID

***    ***    ***    ***    ***    ***    ***    ***    ***    ***

Comes the Plaintiff, Arnetha Jones, having first been duly sworn, and for her Verified

Complaint and cause of action against the Defendant Laboratory Corporation of America, states

as follows:

1.  At all times material hereto, Plaintiff was and is a resident and citizen of Louisville,

Jefferson County, Kentucky; was and is an African-American female over age 40 who suffers

from physical conditions and ailments that substantially limit one or more major life activities;

and was an "employee" of Defendant Laboratory Corporation of America for purposes of KRS

337.010 et seq., KRS 344.010 et seq., 29 USC 2601 et seq., and 42 USC 12101 et seq.

2.  At all times material hereto, Defendant Laboratory Corporation of America (hereafter

referred to as "LCA" or as "Defendant") was and is a Delaware corporation with its principal

place of business at 231 Maple Avenue, Burlington, North Carolina 27215; was and is

transacting business in the Commonwealth of Kentucky; has designated Corporation Service

Company, 421 West Main Street, Frankfort, Kentucky 40601 as its registered agent for service

1

of process within the Commonwealth of Kentucky; and was and is considered an "employer" for purposes of KRS 337.010 et seq., KRS 344.010 et seq., 29 USC 2601 et seq. and 42 USC 12101 et seq.

3.  The employment of Plaintiff with Defendant was terminated on or about May 8, 2015.

<u>COUNT I—VIOLATION OF KRS 344.040</u>

4.  Plaintiff repeats, reiterates, adopts and incorporates by reference each and every allegation set forth above as if fully and completely set forth herein.

5.  At all times material hereto, Plaintiff was and is a "qualified individual with a disability" as defined in KRS 344.030 who, with or without reasonable accommodation, could perform the essential functions of the employment position she held with Defendant.

6.  Between August 2012 and May 8, 2014, Defendant purported to accommodate Plaintiff's requested accommodation to be placed in a position where she could take two (2) fifteen minute breaks as well as the lunch break required by law, and not be required to work overtime, as per the written directions of her physician.

7.  Instead, Plaintiff was placed in a position where she was routinely required to work through the breaks as well as lunch, and was routinely required to work overtime, all against the requested accommodations and directions from her physician, and all to Plaintiff's damage.

8.  Plaintiff complained to her supervisor(s) about regularly being required to work outside the reasonable accommodations requested.

9.  The accommodations requested were reasonable, and could be provided by Defendant without undue hardship to Defendant.

10. After repeated complaints to her supervisor(s) about being required to work beyond the limitations set forth by her physician, and in violation of KRS 344.040, Defendant wrongfully terminated Plaintiff's employment.

11. That as a direct and proximate result of the termination of her employment, Plaintiff has suffered damages in excess of the minimal jurisdictional limits of the Court.

12. That jurisdiction is conferred on the Circuit Court by virtue of KRS 344.450, which also provides that Plaintiff may recover her damages sustained, as well as the costs of the lawsuit and a reasonable fee for her attorney.

### COUNT II—VIOLATION OF 29 USC 2601 et seq., FAMILY AND MEDICAL LEAVE ACT

13. Plaintiff repeats, reiterates, adopts and incorporates by reference each and every allegation set forth above as if fully and completely set forth herein.

14. At all times material hereto, Plaintiff had a serious health condition for which she was entitled to a reduced leave schedule under 29 USC 2601 et seq., the Family Medical Leave Act (FMLA), specifically being that she was entitled to take two (2) fifteen minute breaks and a lunch break each day, and not be required to work overtime, all as per the written directions of her physician.

15. Notwithstanding that Plaintiff was entitled to a reduced leave schedule as set forth above, and that Defendant was aware of the limitations placed on Plaintiff by her physician, Defendant routinely required Plaintiff to work through the two (2) fifteen minute breaks and her lunch period, and routinely required her to work overtime, all of which interfered with Plaintiff's attempts to exercise her rights under 29 USC 2601 et seq.

16. Plaintiff complained to her supervisor(s) about being required to work through her

breaks, through lunch, and/or to work overtime.

17. Upon knowledge, information and belief, Defendant discriminated against Plaintiff in

violation of 29 USC 2615(2) when it discharged Plaintiff for opposing Defendant's practice of

denying her the reduced leave schedule to which she was entitled under FMLA.

18. Pursuant to 29 USC 2617, Plaintiff is entitled to her lost wages, salary, benefits and other

compensation lost due to the violations, interest on said amounts at the highest rate permitted

by law, an additional amount in liquidated damages in an amount equal to the sum of the

above described damages, court costs, reasonable expert witness fees and reasonable attorney

fees.

19. The damages demanded herein exceed the minimal jurisdictional limits of this Court.

### COUNT III—VIOLATION OF 42 USC 12101 et seq., EQUAL OPPORTUNITY FOR INDIVIDUALS WITH DISABILITIES

20. Plaintiff repeats, reiterates, adopts and incorporates by reference each and every

allegation set forth above as if fully and completely set forth herein.

21. At all times material hereto, Plaintiff suffered from a "Disability" as defined by 42 USC

12102(1).

22. At all times material hereto, Plaintiff was and is a "qualified individual" as defined by 42

USC 12111(8).

23. At all times material hereto, Defendant was in a position to provide a "reasonable

accommodation" to Plaintiff without "undue hardship" to Defendant, as both terms are defined

by 42 USC 12111(9) and (10) respectively.

4

24.  Between August 2012 and May 8, 2014, Defendant purported to provide the "reasonable accommodation" to Plaintiff of providing two (2) fifteen minute breaks, a lunch break, and not requiring her to work overtime as set forth in the written directions of Plaintiff's physician, but nevertheless routinely required Plaintiff to work through her breaks, through lunch, and/or to work overtime in violation of said purported reasonable accommodations.

25.  Plaintiff complained to her supervisor(s) about routinely being required to work without the two (2) fifteen minute breaks, through lunch break, and overtime, all against the written directions of her physician.

26.  In violation of 42 USC 12112, Defendant discriminated against Plaintiff when it discharged her from her employment due to her disability and/or due to her complaining about being required to work without the reasonable accommodations set forth above.

27.  That as a direct and proximate result of Defendant's discrimination against Plaintiff, she has suffered lost wages and benefits in excess of the minimal jurisdictional limits of this Court, and is entitle, in addition thereto, to her court costs and reasonable attorney fees.

## COUNT IV—VIOLATION OF KRS 337.010 et seq., WAGES AND HOURS

28.  Plaintiff repeats, reiterates, adopts and incorporates by reference each and every allegation set forth above as if fully and completely set forth herein.

29.  Pursuant to KRS 337.285, Plaintiff was and is entitled to time and a half for employment in excess of forty (40) hours per work week during the term of her employment with Defendant.

30.  Pursuant to KRS 337.355, Plaintiff was entitled to a reasonable period for lunch for each day she was employed by Defendant.

31. Pursuant to KRS 337.365, Plaintiff was and is entitled to a rest period of at least ten (10) minutes during each four (4) hours worked, in addition to the lunch period provided by KRS 337.355, for each day she was employed by Defendant.

32. During the term of her employment with LCA, Plaintiff was routinely required, as a condition of her continued employment, to work through her ten (10) minute break periods, and/or through her lunch period.

33. Defendant did not pay Plaintiff for the times she worked through her ten (10) minute breaks and/or through her lunch time, and to the extent working through such legally required breaks placed her actual work time in excess of forty (40) hours per week, did not pay her overtime for such additional work, all in violation of KRS 337.010 et seq.

34. As a direct and proximate result of Defendant's violation of the statutes, Plaintiff has suffered damages in excess of the minimal jurisdictional limits of this Court.

35. Plaintiff is entitle to recover damages in an amount equal to the full amount of wages and overtime compensation to which she was entitled, less the amounts actually paid, and in addition thereto, an additional equal amount as liquidated damages, court costs and a reasonable attorneys fee, all as provided in KRS 337.385(1).

36. To the extent that discovery reveals that other, similarly situated employees of Defendant have been required to work without the required break and lunch periods, and/or have not been paid overtime for the hours in excess of forty (40) hours per week such persons have been required to work by virtue of not receiving the legally required breaks, that this action be certified as a class action on behalf of all such similarly situated persons.

WHEREFORE, Plaintiff respectfully demands and prays as follows:

6

1.  For Judgment against Defendant in an amount shown by the evidence for its violations of

the statutes as set forth above;

2.  For her costs herein expended, including a reasonable fee for her attorney;

3.  For trial by jury on all issues so triable;

4.  To the extent that discovery reveals a pattern or course of conduct of depriving

employees of their legally required work and lunch breaks, that this action be certified as a class

action on behalf of all such similarly situated persons;

5. For leave to amend as additional claims or causes of action are revealed in discovery, or as

justice may require; and

6.  For any and all other relief, in the premises, to which she may appear to be entitled.

<strong><u>VERIFICATION</u></strong>

The undersigned, Arnetha Jones, having first been duly sworn, does hereby state that the

factual allegations set forth above are true and correct to the best of my knowledge and

information as I verily believe.

_____
ARNETHA JONES

STATE OF KENTUCKY        )
                         ) ss
COUNTY OF JEFFERSON      )

Subscribed, sworn to and acknowledged before me by Arnetha Jones on this the 22nd day
of November, 2016.
My commission expires: 02-09-2020 .

_____
NOTARY PUBLE, STATE AT LARGE

7

Respectfully submitted,

MIKE KELLY
718 West Main Street
Two South
Louisville, Kentucky 40202
(502) 589-6380
(502) 583-2603 (fax)
mike@fischerandkelly.com
Counsel for Plaintiff