UNITED STATES DISTRCT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

***Electronically Filed***

| | | |
|---|---|---|
| ARNETHA JONES | ) | |
| | ) | |
| PLAINTIFF | ) | |
| v. | ) | CIVIL ACTION NO. 3:16-CV-828-DJH-CHL |
| | ) | |
| | ) | |
| LABORATORY CORPORATION OF AMERICA | ) | |
| | ) | |
| DEFENDANT | ) | |

**ANSWER AND DEFENSES TO VERIFIED COMPLAINT**

Defendant Laboratory Corporation of America Holdings ("LabCorp"), incorrectly identified as "Laboratory Corporation of America" in Plaintiff's Verified Complaint, answers the correspondingly numbered paragraphs of the Verified Complaint filed by Plaintiff Arnetha Jones ("Plaintiff") and asserts various defenses as follows:

1. LabCorp admits that Plaintiff is an African-American female over age 40 and that she was employed by LabCorp. LabCorp denies the remaining allegations in paragraph 1.

2. LabCorp admits the allegations in paragraph 2, except that LabCorp denies that its principal place of business is at 231 Maple Avenue, Burlington, North Carolina 27215. LabCorp's principal place of business is its headquarters located at 531 South Spring Street, Burlington, North Carolina 27215.

3. LabCorp admits the allegations in paragraph 3.

**Count I – Violation of KRS 344.040**

4. LabCorp realleges and incorporates its answers to paragraphs 1 – 3.



PD.20660101.1

5. LabCorp denies the allegations in paragraph 5.

6. LabCorp admits that from August 2012 through the end of Plaintiff's employment, LabCorp accommodated the restrictions recommended by Plaintiff's physician. LabCorp denies the remaining allegations in paragraph 6.

7. LabCorp denies the allegations in paragraph 7.

8. LabCorp denies the allegations in paragraph 8.

9. The allegations of paragraph 9 are legal conclusions to which no response is required. To the extent a response is required, LabCorp denies the allegations in paragraph 9.

10. LabCorp admits that Plaintiff's employment was terminated on or about May 8, 2015. LabCorp denies the remaining allegations in paragraph 10.

11. LabCorp denies the allegations in paragraph 11.

12. LabCorp admits the allegations in paragraph 12 for jurisdictional purposes only. LabCorp denies all liability in this action.

**Count II – Violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.***

13. LabCorp realleges and incorporates its answers to paragraphs 1 – 12.

14. LabCorp denies the allegations in paragraph 14.

15. LabCorp denies the allegations in paragraph 15.

16. LabCorp denies the allegations in paragraph 16.

17. LabCorp denies the allegations in paragraph 17.

18. LabCorp denies the allegations in paragraph 18.

19. LabCorp admits the allegations in paragraph 19 for jurisdictional purposes only. LabCorp denies all liability in this action.

**<u>Count III – Violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*</u>**

20. LabCorp realleges and incorporates its answers to paragraphs 1 – 19.

21. LabCorp denies the allegations in paragraph 21.

22. LabCorp denies the allegations in paragraph 22.

23. The allegations of paragraph 23 are legal conclusions to which no response is required. To the extent a response is required, LabCorp denies the allegations in paragraph 23.

24. LabCorp admits that from August 2012 through the end of Plaintiff's employment, LabCorp accommodated the restrictions recommended by Plaintiff's physician. LabCorp denies the remaining allegations in paragraph 24.

25. LabCorp denies the allegations in paragraph 25.

26. LabCorp denies the allegations in paragraph 26.

27. LabCorp denies the allegations in paragraph 27.

**<u>Count IV – Violation of KRS 337.010 *et seq.*, Wages and Hours</u>**

28. LabCorp realleges and incorporates its answers to paragraphs 1 – 27.

29. The allegations of paragraph 29 are legal conclusions to which no response is required. To the extent a response is required, LabCorp admits the allegations in paragraph 29.

30. The allegations of paragraph 30 are legal conclusions to which no response is required. To the extent a response is required, LabCorp admits the allegations in paragraph 30.

31. The allegations of paragraph 31 are legal conclusions to which no response is required. To the extent a response is required, LabCorp admits the allegations in paragraph 31.

32. LabCorp denies the allegations in paragraph 32.

33. LabCorp denies the allegations in paragraph 33.

34. LabCorp denies the allegations in paragraph 34.

35. LabCorp denies the allegations in paragraph 35.

36. Paragraph 36 does not make any affirmative allegations and, thus, no response is required. To the extent a response is required, LabCorp denies the allegations in paragraph 36.

LabCorp denies that Plaintiff is entitled to any relief demanded in the "WHEREFORE" clause following paragraph 36.

LabCorp denies all allegations not expressly admitted herein and asserts the following affirmative defenses:

**FIRST DEFENSE**

Plaintiff's Verified Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

**SECOND DEFENSE**

All actions of LabCorp were taken, made, or done in good faith for legitimate, nondiscriminatory, job-related business reasons.

**<u>THIRD DEFENSE</u>**

LabCorp maintained a policy prohibiting discrimination, harassment, and retaliation in the workplace and a procedure for the resolution of complaints alleging discrimination, harassment and/or retaliation.

**<u>FOURTH DEFENSE</u>**

The employee-at-will doctrine serves as a complete or partial defense to Plaintiff's claims.

**<u>FIFTH DEFENSE</u>**

If determined applicable, LabCorp relies on the after-acquired evidence doctrine as a bar to Plaintiff's claims or to reduce damages relating to the claims.

**<u>SIXTH DEFENSE</u>**

Plaintiff's claims are barred to the extent Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunity provided by LabCorp or to otherwise avoid harm.

**<u>SEVENTH DEFENSE</u>**

Plaintiff has failed to mitigate her damages, if any, and LabCorp relies on the same as a complete or partial bar to the Plaintiff's action.

**<u>EIGHTH DEFENSE</u>**

Some or all of Plaintiff's claims are barred by Plaintiff's improper conduct.

**<u>NINTH DEFENSE</u>**

LabCorp acted at all times in good faith and without malice or intent to harm or cause emotional distress, and LabCorp relies on the same as a complete or partial defense to the Plaintiff's claims.

**TENTH DEFENSE**

All or some of the Plaintiff's claims may be barred by the doctrines of res judicata, collateral estoppel, claim preclusion, issue preclusion, and/or the election of remedies doctrine.

**ELEVENTH DEFENSE**

Plaintiff may have failed to exhaust her administrative and/or other regulatory/statutory remedies.

**TWELFTH DEFENSE**

Some or all of the claims in the Verified Complaint are barred by the applicable statute(s) of limitations.

**THIRTEENTH DEFENSE**

Plaintiff was not a qualified individual with a disability under KRS 344.030 or the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq*.

**FOURTEENTH DEFENSE**

LabCorp relies on any and all defenses available under the Kentucky Civil Rights Act, the Americans with Disabilities Act, as amended, the Family and Medical Leave Act, and the Kentucky Wages and Hours Act, as if each defense were set forth verbatim herein.

**FIFTEENTH DEFENSE**

Plaintiff may have failed to engage in the interactive process, and LabCorp relies on this as a complete or partial defense to Plaintiff's claims.

**SIXTEENTH DEFENSE**

Plaintiff's medical restrictions could not be reasonably accommodated in her position and/or Plaintiff's proposed accommodations would have constituted an undue

burden on LabCorp.

**SEVENTEENTH DEFENSE**

At all times LabCorp acted in good faith and therefore denies any allegations of illegal or wrongful conduct of any kind.

**EIGHTEENTH DEFENSE**

Without waiving any denial of liability to Plaintiff, LabCorp states that it would have made the same decision to terminate Plaintiff's employment regardless of Plaintiff's attempt to exercise any rights under the Family and Medical Leave Act.

**NINETEENTH DEFENSE**

Plaintiff received all compensation and break periods to which she was entitled under the Kentucky Wages and Hours Act.

**TWENTIETH DEFENSE**

Plaintiff, and/or the putative class action members, do not meet the requirements of Federal Rule of Civil Procedure 23 and, therefore, this action cannot be maintained as a class action.

**TWENTY-FIRST DEFENSE**

The claims of Plaintiff, and/or alleged members of the putative class action, are barred, in whole or in part, for uncertainty, in that the purported class action is undefined, ambiguous, and conclusorily alleged.

**TWENTY-SECOND DEFENSE**

The Verified Complaint is barred for lack of subject matter jurisdiction, in whole or in part, to the extent that Plaintiff lacks standing to bring her claims in an individual, class, or representative capacity.

LabCorp hereby gives notice that it intends to rely upon affirmative defenses that may become available or apparent during the course of discovery and therefore reserves the right to amend or supplement this Answer, file further pleadings, and assert additional claims and defenses as supported by the evidence.

WHEREFORE, Defendant Laboratory Corporation of America Holdings, demands as follows:

A. That Plaintiff's Verified Complaint be dismissed in its entirety, with prejudice;

B. That LabCorp be awarded its costs expended in this action; and

C. Any and all other relief to which it may appear entitled.

Respectfully submitted,

*/s/ Emily C. Lamb*

David Domene
Emily C. Lamb
BLACKBURN DOMENE & BURCHETT, PLLC
614 West Main Street, Suite 3000
Louisville, KY 40202
Tel: 502-584-1600
Fax: 502-584-9971
ddomene@bdblawky.com
elamb@bdblawky.com

*Counsel for Defendant*

CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2016, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to the following:

Mike Kelly
718 West Main Street
Two South
Louisville, Kentucky 40202
Tel: 502.589.6380
Fax: 502.583.2603
mike@fischerandkelly.com

*Counsel for Plaintiff*

*/s/ Emily C. Lamb*
*Counsel for Defendant*